UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SAMANTHA MCGRATH, AS ADMINISTRATOR OF　　CIVIL ACTION NO.:
THE ESTATE OF MICHAEL MCGRATH, and　　　　CV-22-3625
INDIVIDUALLY,

　　　　　　　　　Plaintiffs,　　　　**NOTICE OF REMOVAL**

　　-against-

INDUSTRIAL WASTE TECHNOLOGIES and
JASON SYKES,

　　　　　　　　　Defendants.
------------------------------------------------------------------x

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

　　1.　　Defendants INDUSTRIAL WASTE TECHNOLOGIES, Inc. i/s/h/a Industrial Waste Technologies and JASON SYKES (collectively, "Defendants") hereby remove to this Court the state court action described herein, pursuant to 28 U.S.C. §§ 1332 and 1441.

　　2.　　The Defendants are named as parties in a civil action commenced by Plaintiff Samantha McGrath in the Supreme Court of the State of New York, County of Bronx, captioned *Samantha McGrath, as Administrator of the Estate of Michael McGrath, and Individually v. Industrial Waste Technologies and Jason Sykes*, Index No. 34480/2019E ("the State Court Action").

　　3.　　The State Court Action was commenced when Plaintiff filed the Summons and Verified Complaint on December 6, 2019. A copy of Plaintiff's Summons and Complaint is annexed hereto as Exhibit A.

　　4.　　Issue was joined by service of a Verified Answer on behalf of Defendants, on December 26, 2019. A copy of the Defendants' Verified Answer is annexed hereto as Exhibit B.

5. Plaintiff seeks to recover damages for the wrongful death of and personal injury to Decedent Michael McGrath, as a result of a motor vehicle accident that occurred on September 16, 2019, on East Tremont Avenue and Waterbury Avenue in Bronx, New York. See, Exhibit A, ¶¶ 1, 26.

6. Plaintiff Samantha McGrath is "deemed to be a citizen of the same State as the decedent". 28 U.S.C. § 1332(c)(2). Moreover, Samantha McGrath is a citizen of State of New York by virtue of her domicile.  The Estate is venued in the County of Bronx, State of New York. Accordingly, Decedent and Plaintiff are both citizens of the State of New York. See, Exhibit A, ¶ 2, and paragraph 1 of Plaintiff's Bill of Particulars, annexed hereto as Exhibit D.

7. Defendant Industrial Waste Technologies is a New Jersey corporation, with a principal place of business in New Jersey.

8. Defendant Jason Sykes is a natural person, who resides in and is a citizen of the State of New Jersey.

9. The Defendants removed this action to the United States District Court for the Southern District of New York on April 9, 2020. The action was assigned case number 1:20-cv-02858.

10. On May 8, 2020, Plaintiff moved for leave to amend the caption, to add Carol Salera, a resident and citizen of the State of New York as a Defendant, and to remand this action back to State Court. These defendants opposed the plaintiff's motion to remand as frivolous and in bad faith, prejudice and futility.  Moreover the defendants also opposed the motion to amend since, it was argued, that the true motivation in seeking to amend the Complaint simply as a means to destroy diversity and divest this Court of subject matter jurisdiction. (See 20-CV-02858 Doc 11).

11. By Opinion and Order dated February 26, 2021, this Court granted Plaintiff's motion to add Carol Salera as a Defendant; as same destroyed diversity of citizenship, the Court also directed that this action be remanded to the Supreme Court of the State of New York, for the County of Bronx. A copy of said Opinion and Order is annexed hereto as Exhibit C.

12. Plaintiff filed an Amended Summons and an Amended Complaint adding Carol Salera as a Defendant, in the Supreme Court of the State of New York, County of Bronx, on April 13, 2021. Copies of the Amended Summons and Complaint are annexed hereto as Exhibit D.

13. On May 13, 2021, a Verified Answer was filed on behalf of Defendant Carol Salera. See, Exhibit E.

14. On September 21, 2021, Defendant Carol Salera filed a motion for summary judgment.

15. On April 21, 2022, Defendant Salera's motion for summary judgment was granted and all claims and crossclaims against Defendant Salera were dismissed. See, Exhibit F.

16. In determining former Defendant Salera's motion for summary judgment, the Supreme Court of the State of New York held:

   a. Defendant Salera's vehicle did not collide with the decedent's motorcycle or with the removing Defendants' truck;

   b. The decedent was travelling illegally in the parking lane;

   c. The removing Defendants' truck entered the intersection on a left turn before Defendant Salera's vehicle;

   d. Even if Defendant Salera had yielded the right of way to the removing Defendant's vehicle, that action did not constitute negligence and was not a proximate cause of the accident.

17. Plaintiffs' counsel has stated in writing that Plaintiff seeks damages in excess of $75,000. See, Plaintiff's Statement of Overall Damages, annexed hereto as Exhibit G.

18. Now that Defendant Salera is no longer a party to this action, this action may be removed to this Court by the Defendants, pursuant to 28 U.S.C. § 1441(c), as this is a civil action where the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of different states.

19. As there is complete diversity of citizenship between the Defendants and the Plaintiff and the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest, Defendants respectfully remove this action from the Supreme Court of the State of New York, County of Bronx, to the United States District Court for the Southern District of New York.

20. This action has been removed within thirty (30) after it became removable by reason of the Order of the Supreme Court of the State of New York dismissing all claims and crossclaims against former Defendant Salera, the nondiverse Defendant. See, Exhibit F.

21. Plaintiff's bad faith and strategic gamesmanship to destroy diversity of citizenship by frivolously adding nondiverse Defendant Salera, against whom Plaintiff's cause of action against Salera was completely without merit in law and could not be supported by a reasonable argument for an extension, modification or reversal of existing law; moreover, Plaintiff failed thereafter to actively prosecute Plaintiff's cause of action against Salera during the past two (2) years.

22. A copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of Bronx, as required by 28 U.S.C. §1446(d).

23. By submitting this Notice of Removal, the Defendants do not admit that the Complaint has any basis in law or fact, nor do the Defendants waive any defenses, claims or counterclaims they may have.

WHEREFORE, notice is given that this action is hereby removed from the Supreme Court of the State of New York, Bronx County, to the United States District Court for the Southern District of New York, and the Defendants request that this action proceed in this Court as an action properly removed to it.

Dated: New York, New York
May 4, 2022

                                       GALLO VITUCCI KLAR LLP

                                       By: Bryan T. Schwartz, Esq.
                                       *Attorneys for Defendants*
                                       90 Broad Street, Suite 1202
                                       New York, New York 10004
                                       (212) 683-7100
                                       File No.: CV.2019007

TO: Andrew Kreidman, Esq.
ZAREMBA BROWN, PLLC
*Attorneys for Plaintiff*
40 Wall Street, 52nd Floor
New York, New York 10005
(212) 380-6700